

Park 80 West-Plaza One          (201) 845-9600 Main
250 Pehle Avenue                (201) 845-9423  Fax
Suite 401
Saddle Brook, NJ 07663

*Attorneys at Law*                                                                    *njlawfirm.com*

Matthew F. Gately, Esq.
mfg@njlawfirm.com
Direct Line:  (551) 497-7189
Cell: (201) 264-1995

May 20, 2022

**BY ECF**
Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      RE: *In re Direct Purchaser Insulin Pricing Litigation*, No. 3:20-cv-3426 (D.N.J.)

Dear Judge Quraishi:

      On May 13, 2022, the PBM Defendants wrote to the Court to request a pre-motion conference on the PBMs' planned Motion under Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings based on the recent decision issued by the Minnesota federal court in the *EpiPen* litigation. *In re EpiPen Direct Purchaser Litig.*, File No. 20-cv-0827 (ECT/JFD), 2022 WL 1017770 (D. Minn. Apr. 5, 2022).  Defendants' reliance on *EpiPen* is misplaced, as that decision not only misconstrues applicable Supreme Court precedent, but also is contrary to Third Circuit controlling case law.

      In *EpiPen*, the Minnesota district court rejected the federal anti-kickback statute ("AKS") under the Travel-Act as a qualifying predicate act under RICO based on its misapplication of a categorical approach that compares the elements of the alleged crime with the elements of the "generic" version of the listed offense. *Id.* at *5 (citing *Mathis v. United States*, 579 U.S. 500, 503 (2016)). In doing so, the *EpiPen* court misinterpreted the Supreme Court case *Perrin v. United States*, 44 U.S. 37 (1979), as requiring generic bribery to include a "special trust" element in order to qualify as a predicate act under RICO.  After finding that AKS bribery did not include such a special trust element, the *EpiPen* court held that AKS bribery was too broad to serve as a predicate act for the plaintiff's RICO claims. *EpiPen*, 2022 WL 1017770 at *5.

      If the *EpiPen* court's stricter, element-based approach is imposed here, it would erroneously narrow the definition of predicate acts under RICO and frustrate the intent of Congress based on the Minnesota court's misinterpretation of the Supreme Court's broadening application of bribery in *Perrin*.  *See* 444 U.S. at 50 (holding that Congress intended bribery in violation of the laws of the State in which committed as used in the Travel Act to encompass conduct in violation of state commercial bribery statutes). *See also United States v. Kotvas*, 941 F.2d 1141, 1146 (11th Cir. 1991) ("Congress intended RICO to be read broadly. Appellants' position would



narrow the definition of predicate acts under RICO and frustrate the intent of Congress."). *Cf. United States v. Campbell*, No. 04–cr–0424 (RWS), 2005 WL 6436620, at *6-7 (N.D. Ga. Oct. 25, 2005) (holding that federal law does not require the government to allege a specific *quid pro quo* when it is not an element of bribery under Georgia state law).

In *Perrin*, the Supreme Court determined that the Travel Act, 18 U.S.C. 1952, was not limited to common law bribery (involving corruption of public officials only), but, instead, extended to commercial bribery (involving corruption of private persons). *Perrin*, 444 U.S. at 48-50. Applying a broad rule of criminal culpability, the Court held that when federal statutes use the word bribery, that term means "payments to private persons to influence…private duties." *Id.* at 43-44, 43 n.8, 46. These "private duties" are those created by statute or common law, but also include an abundance of obligations that are both imposed by and arise under a variety of federal statutes, including those that do not even use the word bribery. *Perrin*, 444 U.S. at 43 n. 8. The Court also noted that state law crimes that involve relations of special trust should be kept secure from the corrupting influence of bribery. *Id.* at 45 n. 11. *See also United States v. Ferriero*, 866 F.3d 107, 124 (3d Cir. 2017) ("We understand *Perrin*'s explanation of bribery as extending to party officials who, like numerous other private persons and public officials, occupy positions of 'special trust.'"), *cert. denied*, __ U.S. __, 138 S. Ct. 1031 (2018). The Court's notation that those who occupy positions of special trust were not immune from bribery charges, however, was in no way a limitation on the Court's extension of the reach of bribery prohibited under the Travel Act to include private persons. To the contrary, the Court made clear that a broad generic definition of bribery, rather than a narrow common-law definition, was intended by Congress. *Perrin*, 444 U.S. at 49. *See also United States v. Parlavecchio*, 903 F. Supp. 788, 791 (D.N.J. 1995) (case law has established that terms, such as bribery, under the Travel Act are to be read generically, and that the generic definitions of these crimes may be broader than their strict common law definitions) (citing *Perrin*, 444 U.S. at 49).

Nevertheless, the *EpiPen* court disagreed with two California district court decisions holding that a special-trust relationship is not required to constitute bribery under the Travel Act. *See EpiPen*, 2022 WL 1017770 at *5 (discussing *United States v. Gross*, 370 F. Supp. 3d 1139 (C.D. Cal. 2019); *United States v. Rogers*, 389 F. Supp. 3d 774 (C.D. Cal. 2019). As the court in *Rogers* explained, however, the Supreme Court in *Perrin* and *United States v. Nardello*, 393 U.S. 286 (1969), focused on the defendants' conduct, not on categorical definitions of the underlying offenses. *Rogers*, 389 F. Supp. 3d at 793 ("Because *Nardello* and *Perrin* clearly require comparisons of the defendant's conduct, rather than a comparison of the elements of a generic offense to the elements of a predicate offense, *Nardello* and *Perrin* preclude application of the categorical approach in the manner advocated by Defendant here."). *See also Gross*, 370 F. Supp. 3d at 1149-50 (citing *Perrin* in holding that the kickbacks at issue in that case easily fell into the generic definition of bribery). *Cf. United States v. Manzo*, 851 F. Supp. 2d 797, 811 (D.N.J. 2012) ("Under *Nardello* …, a predicate act need not be classified under a State bribery statute as 'bribery' for it to serve as a proper predicate act for a Travel Act violation.")

Like the California courts in *Gross* and *Rogers*, the Third Circuit takes a conduct-based approach to determine the viability of a predicate act and has consistently held that "[t]he test for



determining whether the charged acts fit into the generic category of the predicate offense is whether the indictment charges *a type of activity generally known or characterized in the proscribed category, namely, any act or threat involving bribery.*" *United States v. Forsythe*, 560 F.2d 1127, 1137 (3d Cir. 1977) (emphasis added). *Rose v. Bartle*, 871 F.2d 331, 362 (3d Cir. 1989) ("The question ... is whether … the plaintiffs have sufficiently alleged bribery and extortion activities by Asher and Bartle under the generic standard adopted by this court in *Forsythe*."). *See also United States v. Garner*, 837 F.2d 1404, 1418 (7th Cir. 1987) ("any statute that proscribes conduct which could be generically defined as bribery can be the basis for a predicate act."). Accordingly, district courts in the Third Circuit have considered violations of the Travel Act to be qualifying predicate acts under RICO in situations that involved payments to private persons to influence private duties. *See, e.g.*, *Temple University v. Salla Bros.*, 656 F. Supp. 97, 105-106 (E.D. Pa. 1986) (rejecting defendants' contention that the plaintiff incorrectly relied on the Travel Act as another RICO predicate act); *In re Mallinckrodt PLC*, __ B.R. __, 2021 WL 6058411, *12-13 (Bankr. D. Del. Dec. 21, 2021) (recognizing that third-party payors had to prove Debtors committed a predicate act that caused a direct injury to business dealings for liability under RICO – a viable possibility being an AKS violation by paying physicians through speaker programs, which the court found unproven at trial). Thus, *EpiPen* is contrary to both the Supreme Court's decision in *Perrin* and Third Circuit law binding on this court.

The RICO statute itself further supports Plaintiffs' claim. RICO defines a "predicate act" of Racketeering Activity" to include "any act indictable under the … provisions of 18 U.S.C. …section 1957. *See* 18 U.S.C. §1961(1)(B). Section 1957, in turn, provides that it is a crime to "knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." The term "specified unlawful activity" includes "any activity constituting an offense involving a Federal health care offense." 18 U.S.C. § 1957(f)(3) (citing 18 U.S.C. § 1956 (c)(7)(F)). A "'Federal health care offense' means a violation of … section 1128B of the Social Security Act (42 U.S.C. 1320a-7b) [i.e., the AKS]." *See* 18 U.S.C. §24(a)(1). Subsection (b) of 42 U.S.C. §1320a-7b prohibits any person from knowingly and willfully soliciting, receiving, offering or paying "any remuneration (including any kickback, bribe or rebate) directly or indirectly, overtly or covertly, in cash or in kind" in exchange for "purchasing, leasing, or ordering any good, facility, service or item for which payment may be made in whole or in part under a Federal health care program." Thus, Section 1957 does not even require proof of bribery much less a special relationship to make out a violation of the Travel Act and to form a RICO predicate act. But even if it did, under *Perrin*, violation of the AKS clearly involves bribery within the meaning of the statute because a violation necessarily involves payments to private persons to influence duties imposed by the Social Security statute. Plainly, a court is obliged to follow the plain meaning of the Travel Act and, derivatively the provisions of RICO that make Travel Act violations predicate acts for RICO purposes, without regard to the existence of a special relationship. *Perrin*, 444 U.S. at 43-44, 43 n.8, 46.

Finally, in order to streamline the litigation, Plaintiffs are willing to dismiss their claims against the corporate parents of the PBM defendants without prejudice and subject to the stipulation that such Defendants will respond to the previously served Requests for Production of Documents, as served, without the need for service of a *subpoena duces tecum.*



Respectfully submitted,

*/s/ Matthew F. Gately*

Matthew F. Gately

cc:  All counsel of record (via ECF)